IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MASON L. HUTTER,

                        Plaintiff,

  v.                                                                   OPINION & ORDER

RICK HUNEKE and                                               16-cv-717-jdp
PIERCE COUNTY SHERIFF'S DEPARTMENT,

                        Defendants.

---

Plaintiff Mason L. Hutter, an inmate at the Prairie du Chien Correctional Institution, brings this lawsuit alleging that a Pierce County sheriff's deputy violated his rights under the Fourth Amendment and state law by pulling him over, arresting him, and fabricating testimony in support of a warrant for a blood draw. Hutter has made an initial partial payment of the filing fee, as previously directed.[1]

The next step in this case is to screen the complaint. In doing so, I must dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. Because Hutter is a pro se litigant, I must read his allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam).

After reviewing the complaint with these principles in mind, I conclude that Hutter may proceed on Fourth Amendment claims, but I will not consider the state law causes of

---

[1] Hutter filed this case in the United States District Court for the Eastern District of Wisconsin. That court calculated an initial partial payment of the filing fee and later transferred the case here. *See* Dkt. 8-9.

action discussed in his complaint unless he shows that he has complied with Wisconsin's notice-of-claim statute.

ALLEGATIONS OF FACT

Mason L. Hutter is currently an inmate at the Prairie du Chien Correctional Institution. But Hutter's allegations involve events occurring on January 23, 2016, while he was on probation. He states that early that morning, he was driving a friend home when he was pulled over by defendant Rick Huneke of the Pierce County Sherriff's Department. Huneke said that he smelled alcohol inside the vehicle. Hutter responded that he was sober and was "cabbing" his friend home.

Huneke asked Hutter to step out of the car, and then had him perform field sobriety tests. Hutter says that he performed these tests with "minimal issues," but Huneke said that he failed the tests. Huneke asked Hutter to take a preliminary breath test and give a blood sample, but Hutter refused. Huneke got a warrant to draw Hutter's blood and took him to the hospital, where the blood draw was performed.

Hutter was booked for operating a motor vehicle while intoxicated, third-offense. His probation was revoked on two other cases because of the incident and he was sentenced to a total of about three years of incarceration. But his criminal case for the events of January 23 was ultimately dismissed on the prosecutor's motion. Hutter says that Huneke made "'incorrect sorry'" statements in the criminal OWI proceedings. I take Hutter to be saying that Huneke no longer believed that Hutter was intoxicated on that night.

ANALYSIS

A. **Constitutional claims**

Hutter alleges that defendant Huneke pulled him over and arrested him without a valid reason for either of those actions. Under the Fourth Amendment, an officer may conduct a stop for investigatory purposes only when the officer has particularized and reasonable suspicion that the suspect is engaged in illegal activity. *Navarette v. California*, 134 S. Ct. 1683, 1687 (2014). Reasonable suspicion "is dependent upon both the content of information possessed by police and its degree of reliability" and is based on the totality of the circumstances. *Alabama v. White*, 496 U.S. 325, 330 (1990). It is more than a hunch but less than a preponderance of the evidence or probable cause. *Navarette*, 134 S. Ct. at 1687.

An officer arresting a person without a warrant may not do so without probable cause. *See Harney v. City of Chi.*, 702 F.3d 916, 922 (7th Cir. 2012). "Probable cause exists if 'at the time of the arrest, the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person, or one of reasonable caution, [to believe] . . . that the suspect has committed, is committing, or is about to commit an offense.'" *Id*. (quoting *Mucha v. Vill. of Oak Brook*, 650 F.3d 1053, 1056 (7th Cir. 2011)).

Hutter says that he was sober, so I can infer that he contends that defendant Huneke had no reason to pull him over or arrest him. Construing Hutter's allegations generously, I also take him to be saying that Huneke lied to a judge to get a warrant to draw his blood. Therefore, I will allow him to proceed on Fourth Amendment claims against Huneke.[2] But I

---

[2] I note that *Heck v. Humphrey*, 512 U.S. 477 (1994), does not automatically bar Hutter's Fourth Amendment claims. The Seventh Circuit explains "that any § 1983 claim for damages resulting from a false arrest is not barred by *Heck* . . . because such alleged violations of the Fourth Amendment would not necessarily impugn the validity of a conviction." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 897 (7th Cir. 2001). At this point in the

caution Hutter that at summary judgment or trial, it will not be enough for him to show that Huneke was ultimately mistaken in pulling him over and arresting him. Huneke will not be liable if Hutter's actions driving the car would lead a reasonable officer to believe that he was involved in illegal activity, or if the information available to Huneke, such as the smell of alcohol and Hutter's performance on the field sobriety tests, would lead a reasonable officer to believe that Hutter was impaired, even if that belief turns out to be incorrect.

Hutter's complaint is unclear about whether he means to name the Pierce County Sheriff's Office as a defendant in addition to Huneke. Even if he did mean to name the sheriff's office as a defendant, he cannot proceed on Fourth Amendment claims against it because he does not allege that Huneke's actions were performed pursuant to a county policy or custom, which is the only way a county may be held liable under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).

Hutter also states that District Attorney Sean Froehlich has not held Huneke accountable for the false arrest, and that Administrative Law Judge Beth Whitacker and Judge Eric Lundell improperly revoked his probation. Hutter may not proceed with claims against these individuals for numerous reasons, chief among them that he does not name them as defendants in the caption of his complaint. But even if he did include them in the caption, I would likely have to dismiss them because they are immune from lawsuit for their prosecutorial and judicial actions, and because this court cannot issue a judgment in this civil lawsuit that would imply the invalidity of his revocation.

---

case, the record is not developed enough to determine whether Hutter's § 1983 claims would impugn the validity of his probation revocation.

B.  **State law claims**

In the "relief wanted" section of his complaint, Hutter states that he would like to be compensated for, among other things, "mental anguish, emotional stress, libel, [and] slander." Dkt. 1, at 5. Even assuming Hutter wishes to bring state law claims for libel, slander, or infliction of emotional distress, he does not allege that he has complied with Wisconsin's notice-of-claim statute, Wis. Stat. § 893.80, by notifying the county about his state law claims. This notice is required before a plaintiff can sue a municipal defendant under these state law theories.

Section 893.80(1d) states:

> [N]o action may be brought or maintained against any volunteer fire company organized under ch. 213, political corporation, governmental subdivision or agency thereof nor against any officer, official, agent or employee of the corporation, subdivision or agency for acts done in their official capacity or in the course of their agency or employment upon a claim or cause of action unless:
>
> (a) Within 120 days after the happening of the event giving rise to the claim, written notice of the circumstances of the claim signed by the party, agent or attorney is served on the volunteer fire company, political corporation, governmental subdivision or agency and on the officer, official, agent or employee under s. 801.11. Failure to give the requisite notice shall not bar action on the claim if the fire company, corporation, subdivision or agency had actual notice of the claim and the claimant shows to the satisfaction of the court that the delay or failure to give the requisite notice has not been prejudicial to the defendant fire company, corporation, subdivision or agency or to the defendant officer, official, agent or employee; and
>
> (b) A claim containing the address of the claimant and an itemized statement of the relief sought is presented to the appropriate clerk or person who performs the duties of a clerk or secretary for the defendant fire company, corporation, subdivision or agency and the claim is disallowed.

5

Hutter does not address the notice-of-claim requirement in his complaint, so I cannot allow him to proceed on his state law claims at this point. I will give him a short time to submit a supplement to his complaint explaining whether he has complied with the notice-of-claim statute. If Hutter does not respond or his response is inadequate, the case will proceed with only his federal law claims.

ORDER

IT IS ORDERED that:

1. Plaintiff Mason L. Hutter is GRANTED leave to proceed on Fourth Amendment false arrest claims against defendant Rick Huneke.

2. A determination on plaintiff's state law claims is STAYED pending plaintiff showing the court that he has complied with Wis. Stat. § 893.80. Plaintiff may have until December 20, 2016, to inform the court whether he has complied with this statute. If plaintiff does not respond by this deadline, I will dismiss his state law claims.

3. Service of the complaint is STAYED pending resolution of the notice-of-claim issue.

Entered November 29, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge