IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MASON L. HUTTER,

                    Plaintiff,

    v.                                                                        ORDER

RICK HUNEKE and                                              16-cv-717-jdp
PIERCE COUNTY SHERIFF'S DEPARTMENT,

                    Defendants.

---

Plaintiff Mason L. Hutter, an inmate at the Prairie du Chien Correctional Institution, brings this lawsuit alleging that a Pierce County sheriff's deputy violated his rights under the Fourth Amendment and state law by pulling him over, arresting him, and fabricating testimony in support of a warrant for a blood draw. I previously granted Hutter leave to proceed on a Fourth Amendment false arrest claim against defendant Rick Huneke, but I stayed screening of Hutter's state-law libel, slander, and infliction of emotional distress claims until he explained whether he complied with Wisconsin's notice-of-claim statute, Wis. Stat. § 893.80, by notifying the county about his state law claims. Dkt. 12.

Hutter has responded by filing a notice of claim, Dkt. 13, and a motion for appointment of counsel, Dkt. 16. The notice of claim is not sufficient, for two reasons. First, it appears that Hutter has confused the notice-of-claim statute for claims against *county* actors, § 893.80, with the statute for claims against *state* actors, § 893.82. Hutter's notice of claim is addressed to the Wisconsin attorney general, rather than the county, so there is no reason to think that he has met the requirements of the statute. Second, the notice is dated December 7, 2016, well after he filed his complaint in this case. Section 893.80 requires that the claim be presented to the clerk of the county and that the claim be disallowed *before* the

lawsuit may be filed. *See* § 893.80(1d)(b); *Selerski v. Vill. of W. Milwaukee*, 212 Wis. 2d 10, 20, 568 N.W.2d 9, 13 (Ct. App. 1997) (premature filing of a complaint before disallowance of claim mandates dismissal of complaint). That means Hutter cannot bring his state-law claims in this lawsuit.

I will give Hutter a short time to make one of the following two choices: (1) continue with this lawsuit, but only on his federal claim; or (2) dismiss this lawsuit, so that he can properly file a notice a notice of claim with the county and wait to file a new lawsuit until the claim is disallowed or 120 days pass. *See* § 893.80(1g). If Hutter does not respond or his response is inadequate, the case will proceed with only his federal law claims.

I will deny Hutter's motion for appointment of counsel. I do not have the authority to *appoint* counsel to represent a pro se plaintiff in this type of a case; I can only *recruit* counsel who may be willing to serve voluntarily in that capacity.

To show that it is appropriate for the court to recruit counsel, a plaintiff must first show that he has made reasonable efforts to locate an attorney on his own. *See Jackson v. Cty. of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts"). To meet this threshold requirement, this court generally requires plaintiffs to submit correspondence from at least three attorneys to whom they have written and who have refused to take the case. Hutter has not done so, so I will deny his motion.

Even had Hutter submitted three rejection letters, I would deny the motion, because the court will seek to recruit counsel for a pro se litigant only when the litigant demonstrates that his case is one of those relatively few in which it appears from the record that the legal

and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Hutter does not need the assistance of counsel to decide whether to continue pursuing his state-law claims, and the other obstacles facing him—his imprisonment and limited knowledge of the law—are commonplace among prisoners. His claims do not appear to be overly complex, at least at this very early stage. Should the case progress further, Hutter is free to renew his motion if it becomes clearer that he is unable to litigate it, but he will need to explain whether he has attempted to have lawyers take his case, as well as the specific difficulties he is having litigating the case.

ORDER

IT IS ORDERED that:

1. Plaintiff Mason L. Hutter may have until May 8, 2017, to respond to this order about the notice-of-claim issues discussed above.

2. Plaintiff's motion for the court's assistance in recruiting counsel, Dkt. 16, is DENIED without prejudice to him renewing it at a later date.

Entered April 17, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge