IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MASON L. HUTTER,

                 Plaintiff,

v.                                                                          ORDER

RICK HUNEKE and                                         16-cv-717-jdp
PIERCE COUNTY SHERIFF'S DEPARTMENT,

                 Defendants.

---

      Plaintiff Mason L. Hutter brings this lawsuit alleging that a Pierce County sheriff's deputy violated his rights under the Fourth Amendment and state law by pulling him over, arresting him, and fabricating testimony in support of a warrant for a blood draw. I previously screened the complaint and concluded that Hutter could bring a Fourth Amendment claim against Huneke, but I stayed service of the complaint pending Hutter explaining what he would like to do with potential state-law claims for libel, slander, or infliction of emotional distress. *See* Dkt. 12 and 24. I explained that Hutter needed to comply with the Wisconsin notice-of-claim statute governing state-law claims against municipal employees before he could bring his state-law claims. It was too late to include those claims in his current lawsuit, but I gave him a chance to explain whether he would like to proceed in this lawsuit with only his current federal claim, or file a notice of claim and then file a new lawsuit. Dkt. 24.

      In two responses, Dkt. 25 and Dkt. 27, Hutter asks questions about his responsibility to pay filing fees for two lawsuits, whether he would need to resubmit documents, and whether *in forma pauperis status* would be available for him if he were to be released from prison (he was indeed released following this filing). He states his preference is to start over and that he filed a notice of claim in May 2017.

I cannot answer all of Hutter's questions with the information currently before me, but I can lay out the two choices he now has:

If he wants to bring a brand-new lawsuit including his state-law claims, he will owe both the filing fee for this case and the brand-new one. Whether he may file a new lawsuit without prepaying the entire fee depends on his financial information now that he is out of prison. I will attach a copy of this court's form for litigants who seek to file a lawsuit without prepaying the entire filing fee. The general rule is that a filer whose gross yearly income is below $36,000 may proceed without prepaying the fee, although individual determinations also take into account a filer's dependents, assets, and debts. If Hutter chooses this route, he will not have to re-submit his complaint: I will have the clerk of court docket his original complaint in a brand-new case file.

Hutter's second choice is to proceed under this case number with only his Fourth Amendment claim. In that case he would continue to owe payments on only one filing fee. I will give him a short time to make his choice.

ORDER

IT IS ORDERED that plaintiff Mason L. Hutter may have until March 28, 2018, to respond to this order as directed above.

Entered March 14, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge