IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MASON L. HUTTER,

                Plaintiff,

v.                                                                                                      ORDER

RICK HUNEKE and                                                                 16-cv-717-jdp
PIERCE COUNTY SHERIFF'S DEPARTMENT,

                Defendants.

---

MASON L. HUTTER,

                Plaintiff,

v.                                                                                   ORDER

RICK HUNEKE and                                                               18-cv-576-jdp
PIERCE COUNTY SHERIFF'S DEPARTMENT,

                Defendants.

---

In case no. 16-cv-717-jdp, plaintiff Mason L. Hutter alleges that a Pierce County sheriff's deputy violated his rights under the Fourth Amendment and state law by pulling him over, arresting him, and fabricating testimony in support of a warrant for a blood draw. I previously screened the complaint and concluded that Hutter could bring a Fourth Amendment claim against Huneke, but I stayed service of the complaint pending Hutter explaining what he would like to do with potential state-law claims for defamation or infliction of emotional distress. *See* Dkt. 12 and 24 in the '717 case. I explained that Hutter needed to comply with the Wisconsin notice-of-claim statute governing state-law claims against municipal employees before he could bring his state-law claims. It was too late to include those claims in his current lawsuit, but I gave him a chance to explain whether he would like to proceed in this lawsuit

with only his current federal claim, or file a notice of claim and then file a new lawsuit. Dkt. 24 in the '717 case.

After a series of submissions by Hutter and orders by this court, Hutter has clarified his choice: he filed a notice of claim, and wants to close this case and re-assert his claims in a new case. So this case will be dismissed under Federal Rule of Civil Procedure 41(a)(1)(A)(i), and I will direct the clerk of court to file his complaint under a new case number: 18-cv-576-jdp.

From the financial information that Hutter has submitted in the '717 case, I conclude that he qualifies for *in forma pauperis status* in the new case, and he may proceed without prepayment of any amount of the filing fee.

At the time Hutter made the choice to proceed with a new case, he was not incarcerated. Nonetheless, because he is proceeding *in forma pauperis*, I must screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for monetary damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. I must read Hutter's pro se complaint generously. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam).

ALLEGATIONS OF FACT

I will recount the facts from my order screening Hutter's complaint in the '717 case. I accept them as true at the screening stage. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010).

Hutter's allegations involve events occurring on January 23, 2016, while he was on probation. He states that early that morning, he was driving a friend home when he was pulled over by defendant Rick Huneke of the Pierce County Sheriff's Department. Huneke said that

he smelled alcohol inside the vehicle. Hutter responded that he was sober and was "cabbing" his friend home.

Huneke asked Hutter to step out of the car, and then had him perform field sobriety tests. Hutter says that he performed these tests with "minimal issues," but Huneke said that he failed the tests. Huneke asked Hutter to take a preliminary breath test and give a blood sample, but Hutter refused. Huneke got a warrant to draw Hutter's blood and took him to the hospital, where the blood draw was performed.

Hutter was booked for operating a motor vehicle while intoxicated, third-offense. His probation was revoked on two other cases because of the incident and he was sentenced to a total of about three years of incarceration. But his criminal case for the events of January 23 was ultimately dismissed on the prosecutor's motion. Hutter says that Huneke made "'incorrect sorry'" statements in the criminal OWI proceedings. I take Hutter to be saying that Huneke no longer believed that Hutter was intoxicated on that night.

ANALYSIS

As I previously stated in the '717 case, Hutter may proceed on Fourth Amendment claims against defendant Huneke for pulling him over for no reason and lying to a court commissioner to get a warrant to draw his blood. I take Hutter to be bringing state-law claims for infliction of emotional distress and defamation.

To maintain a claim for intentional infliction of emotional distress, a plaintiff must establish: (1) that the defendant's conduct was intended to cause emotional distress; (2) that the defendant's conduct was extreme and outrageous; (3) that the defendant's conduct was a cause-in-fact of the plaintiff's emotional distress; and (4) that the plaintiff suffered an extreme

3

disabling emotional response to the defendant's conduct. *Rabideau v. City of Racine*, 2001 WI 57, ¶ 33, 243 Wis. 2d 486, 627 N.W.2d 795 (citing *Alsteen v. Gehl*, 21 Wis. 2d 349, 359–60, 124 N.W.2d 312 (1963)). To state a claim for negligent infliction of emotional distress, a plaintiff must show that (1) the defendant's conduct fell below the standard of care; (2) the plaintiff suffered an injury; and (3) the defendant's conduct was a cause in fact of the plaintiff's injury. *Bowen v. Lumbermen's Mutual Casualty Co.*, 183 Wis. 2d 627, 632, 517 N.W.2d 432 (1994).

Construing Hutter's complaint generously, I will allow him to proceed on claims under both theories. But at summary judgment or trial, he will need to show that he suffered severe emotional distress, not just temporary or slight discomfort. *See Alsteen*, 124 N.W.2d at 318. Hutter also states claims against Pierce County under the doctrine of *respondeat superior*. *See, e.g.*, *Javier v. City of Milwaukee*, 670 F.3d 823, 828 (7th Cir. 2012) (doctrine of *respondeat superior* assigns vicarious liability to employer for torts of employees acting within scope of employment).

A defamation claim under Wisconsin law requires the plaintiff to prove that a statement (1) was spoken to someone other than the person defamed; (2) is false; (3) is unprivileged; and (4) tends to harm the defamed person's reputation so as to lower him in the estimation of the community or to deter third persons from associating or dealing with him. *Torgerson v. Journal/Sentinel, Inc.*, 210 Wis. 2d 524, 534, 563 N.W.2d 472 (1997); *Hart v. Bennet*, 2003 WI App 231, ¶ 21, 267 Wis. 2d 919, 672 N.W.2d 306. I take Hutter to be saying that Huneke falsely told the court commissioner that Hutter failed field sobriety tests, so I will allow Hutter to proceed on a defamation claim against Huneke and Pierce County.

Because there appears to be some factual overlap between this case and Hutter's other pending case, about St. Croix County officials placing erroneous information into his driver license file, No. 16-cv-718-jdp, I will consolidate them under Federal Rule of Civil Procedure 42, which means that Magistrate Judge Stephen Crocker will hold a joint preliminary pretrial conference and set one schedule for resolution of both cases. I envision holding a joint trial, if necessary, although the parties are free to submit input on that matter. The court will maintain separate dockets for the cases, so the parties should still submit filings into the respective dockets.

ORDER

IT IS ORDERED that:

1. The clerk of court is directed to close this case under Federal Rule of Civil Procedure 41(a)(1)(A)(i).

2. The clerk of court is directed to open case no. 18-cv-576-jdp with a copy of plaintiff Mason L. Hutter's complaint in this case.

3. In case no. 18-cv-576-jdp, plaintiff is GRANTED leave on Fourth Amendment and Wisconsin-law infliction-of-emotional-distress and defamation claims against defendants Rick Huneke and Pierce County.

4. This case is CONSOLIDATED with case no. 16-cv-718-jdp.

5. The clerk of court is directed to forward the complaint and summons to the United States Marshal for service on defendants.

6. For the time being, plaintiff must send defendants a copy of every paper or document that he files with the court. Once plaintiff learns the name of the lawyer or lawyers who will be representing defendants, he should serve the lawyer directly rather than defendants. The court will disregard documents plaintiff submits that do not show on the court's copy that he has sent a copy to defendants or to defendants' attorney.

7. Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

8. If plaintiff is transferred or released while this case is pending, it is plaintiff's obligation to inform the court of his new address. If he fails to do this and defendants or the court are unable to locate him, his claims may be dismissed for his failure to prosecute them.

Entered July 27, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge